R. S. Brashear's Admr. *v.* Elijah Combs' Admr. et al.

**Judgment—Vacation.**

A court does not have the power to vacate a judgment or final order after the term at which it is rendered, except for the causes and in the manner provided by § 579 of the Civ. Code.

APPEAL FROM PERRY CIRCUIT COURT.

March 28, 1874.

Opinion by Judge Pryor:

This is a novel proceeding, and made difficult to comprehend by reason of the blundering manner in which the record is made out, The executor of the will of Elijah Combs filed his petition in equity in the Perry Circuit Court in the year 1855, for the purpose of settling the estate of his testator and asking to subject some of the real

estate that had been devised to the testator's son, Jackson Combs, for the payment of the devisor's debts. Jackson Combs was made a party, and before the termination of the action died, leaving his widow and several children. They were made defendants by an amended petition served with process, and a guardian ad litem appointed to defend them. The widow of Jackson Combs administered upon her husband's estate, and in the year 1856 filed a petition for the settlement of her husband's estate, alleging an indebtedness of several thousand dollars, the absence of any personal estate to pay it, and asking a sale of the real estate to pay the indebtedness. The children were made defendants to this petition, served with process, but had no guardian ad litem appointed, unless the testimony of some witness in the county is deemed evidence of that fact, a singular mode of supplying such a defect.

An amended petition was then filed by the widow, asking for a sale of the whole land belonging to the estate of Jackson Combs. The court, anticipating the indebtedness which we infer from the pleadings and proof was large, after the action by the widow was consolidated with the suit brought by Combs' executor, rendered a judgment directing a sale of the land; and Brashear, whose administrator is the appellant's heir, bought a large quantity of the land at the sale by the commissioner. The sale was made in 1858, the report of sale confirmed shortly after, and the purchaser placed in possession. In October, 1860, Brashear, the purchaser, obtained a rule against the executor of the devisor, Combs, as well as the administrator of Jackson Combs, to show cause why the sale should not be set aside. This rule was continued until the year 1871. The executor, administrator, and heirs who were parties to the rule, appeared and resisted the motion of Brashear, and upon the hearing the rule was discharged. The court had the jurisdiction to sell the land for the payment of debts; and if too much was sold, or the judgment erroneous, it might have been reversed at the instance of the infants, who had no guardian ad litem, or on the appeal of any of the parties interested for the many irregularities in the proceeding.

A court has no power to vacate a judgment or final order after the term at which it has been rendered, except for the causes and in the manner provided by Sec. 579, Civil Code. The purchaser has had the possession of this land for eight or ten years, and the infants who are now, as we have the right to presume, of full age,

are waiving any error in the original proceeding by resisting the motion of the purchaser to have the sale set aside, but whether so or not, the court had no power to vacate the sale.

Judgment affirmed.

*Rodman, for appellant.*

*Scott, for appellees.*